**Aloysius PRAYOGO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71353.
Agency No. A79–195–331.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 29, 2004.

Aloysius Prayogo, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Luis E. Perez, Office of Immigration Litigation Civil Division, Department Of Justice, Washington, DC, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, John C. Cunningham, Seattle, WA, for Respondent.

Before LEAVY, McKEOWN, and BERZON, Circuit Judges.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Aloysius Prayogo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion the immigration judge's ("IJ") denial of his application for asylum and withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part, and deny in part.

Pursuant to 8 U.S.C § 1158(a)(3), Prayogo's asylum claim is unreviewable by this court because the IJ determined that the claim was untimely. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

We have jurisdiction under 8 U.S.C. § 1252(a) and review for substantial evidence Prayogo's eligibility for withholding of removal and CAT relief. *See Hakeem*, 273 F.3d at 816. Substantial evidence supports the IJ's denial of withholding of removal because Prayogo's testimony and application do not indicate that there is a "clear probability" that he will face persecution on account of his religion upon returning to Indonesia. *See id.* at 816–17.

In addition, substantial evidence supports the IJ's denial of relief under the CAT because the record does not indicate that it is "more likely than not" that Prayogo will face torture upon returning to Indonesia. *See Kamalthas v. INS*, 251 F.3d 1279, 1282, 1284 (9th Cir.2001) (citing 8 C.F.R..§ 208.16(c)(2)).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

